# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | Case No. 15-2106, Laurie L. Wood v. U.S. |
|---|---|
| **Originating No. & Caption** | Case No. 2:14cv469, Laurie L. Wood v. U.S. |
| **Originating Court/Agency** | Eastern District of Virginia (Norfolk Division) |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Sect. 1291 |
| Time allowed for filing in Court of Appeals | |
| Date of entry of order or judgment appealed | May 14, 2015 & August 31, 2015 |
| Date notice of appeal or petition for review filed | September 18, 2015 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | June 11, 2015 |
| Date order entered disposing of any post-judgment motion | August 31, 2015 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ◉ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Please see attached document. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the District Court erred in dismissing the action for lack of subject matter jurisdiction because it improperly characterized the government conduct at issue.<br><br>2. Whether the District Court erred in dismissing the action for lack of subject matter jurisdiction because it improperly deemed the conduct at issue to be a policy-based decision.<br><br>3. Whether the District Court erred in dismissing the action for lack of subject matter jurisdiction because the jurisdictional facts of the case are inextricably intertwined with facts central to the merits of Wood's claims.<br><br>4. Whether the District Court abused its discretion in failing to allow for jurisdictional discovery.<br><br>5. Whether the District Court erred in denying Wood's motion to reconsider because it missapprehended Wood's contention that she had implied authority to use the mock ship.<br><br>6. Whether the District Court erred in granting the Government's motion to dismiss and in denying Wood's motion to reconsider because it misapplied this Court's precedent of Kerns v. U.S., 585 F.3d 187 (4th Cir. 2009). |

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: United States of America (cont.'d) |
|---|---|
| Attorney: Kent Pendelton Porter<br>Address: United States Attorney Office<br>101 W. Main St.<br>Suite 8000<br>Norfolk, VA 23510<br><br>E-mail: kent.porter@usdoj.gov<br><br>Phone: (757) 441-6331 | Attorney: Mark Anthony Exley<br>Address: United States Attorney Office<br>101 W. Main St.<br>Suite 8000<br>Norfolk, VA 23510<br><br>E-mail: mark.exley@usdoj.gov<br><br>Phone: (757) 441-6331 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Laurie L. Wood<br><br>Attorney: Matthew D. Green<br>Address: Morris & Morris, P.C.<br>P.O. Box 30<br>Richmond, VA 23218<br><br>E-mail: mgreen@morrismorris.com<br><br>Phone: (804) 344-8300 | Name: Laurie L. Wood (cont.'d)<br><br>Attorney: Gibson S. Wright<br>Address: Morris & Morris, P.C.<br>P.O. Box 30<br>Richmond, VA 23218<br><br>E-mail: gwright@morrismorris.com<br><br>Phone: (804) 344-8300 |
| **Appellant (continued)** ||
| Name: Laurie L. Wood (cont.'d)<br><br>Attorney: Timothy J. DeMore<br>Address: DeMore Law Firm, PLLC<br>300 South State St.<br>9th Floor<br>Syracuse, NY 13202<br><br>E-mail: tdemore@demorelaw.com<br><br>Phone: (315) 413-7002 | Name: Laurie L. Wood (cont.'d)<br><br>Attorney: Brittany E. Aungier<br>Address: Barclay Damon, LLP<br>One Park Place<br>300 South State St., 10th Floore<br>Syracuse, NY 13202<br><br>E-mail: baungier@barclaydamon.com<br><br>Phone: (315) 425-2700 |

Signature: _[signature]_  Date: Oct. 5, 2015

Counsel for: Laurie L. Wood

**Certificate of Service**: I certify that on ___Oct. 5, 2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: _[signature]_  Date: Oct. 5, 2015

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

LAURIE L. WOOD,

    Appellant,

v.                                                   Case No. 15-2106

UNITED STATES OF AMERICA,

    Appellee.

**<u>NATURE OF CASE</u>**

On October 3, 2014, Appellant Laurie L. Wood ("Wood") filed suit against Appellee United States of America (the "Government") pursuant to the Federal Torts Claims Act, 28 U.S.C. Sect.'s 1346(B), 2401(b), and 2671-2680, alleging severe personal injuries arising out of the Government's negligence.

Wood participated in civilian law enforcement training on April 20, 2012 at the Naval Support Activity Hampton Roads, Northwest Annex ("Northwest Annex"), along with other members of the Norfolk, Virginia Sheriff's Office ("Sheriff's Office"). The Sheriff's Office sought and received permission to use the Northwest Annex for training purposes. Members of the Sheriff's Office, including Wood, observed four large crash mats placed directly next to and under a mock-ship within the Northwest Annex. The placement of the mats next to the mock-ship gave every indication that they were specifically placed for fall protection. In connection with the Sheriff's Office training, Wood pushed herself from the mock-ship structure onto the crash mats. The crash mats were not properly fastened together by a "top pad," causing Wood to land in between two of the mats and sustain, among other injuries, a burst fracture of thoracic

1

vertebra at T12, resulting in paraplegia. The "top pad" should have been properly fastened to hold the mats together and to prevent the dangerous opening created when a person lands on the mats with the full force of their body weight from approximately 20 feet above. In her Complaint, Wood alleged that the Government was negligent in that it, among other things, (1) failed to properly secure the "top pad" on the subject mats, thereby creating the dangerous condition; (2) failed to inspect the mock-ship and subject mats on a routine basis to ensure the area was free from traps, defects and/or dangerous conditions; and, (3) failed to warn of the trap, defect, and/or dangerous condition.

On December 9, 2014, the Government filed a motion to dismiss the action for lack of subject matter jurisdiction. By Memorandum Opinion and Order dated May 13, 2015 and entered May 14, 2015, the District Court granted the Government's motion. On June 11, 2015, Wood filed a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. By its Order dated August 28, 2015 and entered August 31, 2015, the District Court denied the motion to reconsider. Wood noticed her appeal from both of those orders on September 18, 2015.

2